NO. 07-09-0269-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 JANUARY 26, 2011

 WELDON E. BOEHL, JR. AND SHARON M. BOEHL,

 Appellants
 v.

 ROGER BOLEY, ELLEN E. DAWSON, RICHARD SMITH COMPANY D/B/A
 COLDWELL BANKER UNITED, REALTORS,

 Appellees
 ___________________________

 FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY;

 NO. D-1-GN-06-004062; HONORABLE GUS J. STRAUSS JR., PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 A take-nothing summary judgment was entered in Weldon and Sharon
Boehl’s (the Boehls) lawsuit against Roger Boley (Boley), Richard
Smith Company d/b/a Coldwell Banker United, Realtors (Coldwell
Banker), and Ellen E. Dawson (Dawson), (the Coldwell Banker listing
agent). The Boehls sought damages arising from purported
misrepresentations and omissions with respect to a home they bought
from Boley. In addition to receiving a favorable judgment, Boley,
Coldwell Banker and Dawson also were awarded attorney’s fees. The
Boehls contend, on appeal, the trial court erred in 1) holding that
the home was sold “as is” per the sales contract and that such fact
negated their ability to prove causation, and 2) awarding attorney’s
fees to Coldwell Banker and Dawson since they were not parties to the
sales contract. We affirm the judgment.
 Background
 On April 28, 2006, Boley and the Boehls entered into a sales
contract for a property located at 17106 Majestic Ridge in Austin,
Texas. It consisted of a form Texas Real Estate Commission (TREC)
agreement and provided that the buyer accepted the property “in its
present condition.”[1] Though the document obligated the Boehls to
buy the land, they nevertheless acquired an option to terminate the
contract within twelve days of its execution, if they so chose.
Later, the parties extended the option period to eighteen days, or May
15, 2006. On the latter date, the parties again amended the agreement
to include a provision requiring Boley to perform certain repairs to
the property. The closing date was also extended to July 12, 2006.
 Prior to entering the contract, Boley represented to the Boehls
that “[e]verything in this home works the way it should work,” the
water well on the property had 280 feet of water in it, and he had not
had any problems with the well.[2] The Boehls had no separate well
inspection performed prior to closing although a general home
inspector informed them that it was working.
 Shortly before the closing was scheduled, there arose a problem
with the well. This resulted in the replacement of a pressure switch
on July 6. Thereafter, the well continued to produce water. About a
week later, the sale closed. Within a month, though, the Boehls began
experiencing a shortage of water from the well. An investigation into
the circumstances reveals that the well was going dry and necessitated
extensive repairs.
 The Boehls sued for fraud, DTPA violations, fraudulent
inducement, negligent and fraudulent misrepresentations, and breach of
contract. In response, the defendants sought partial summary judgment
because the Boehls bought the property “as is” thereby negating any
proof of causation. Boley also asserted that he could not be held
liable pursuant to §1101.805 of the Texas Occupation Code.[3] The
trial court granted summary judgment and, after a bench trial, the
court entered judgment favoring the defendants and awarding them
attorney’s fees per a provision of the contract.
 Standard of Review
 The standard for review for a summary judgment is found in Nixon
v. Mr. Property Management Company, 690 S.W.2d 546, 548-49 (Tex.
1985). When the summary judgment does not specify the grounds upon
which it was granted, it may be affirmed on any ground in the motion
that is meritorious. Harwell v. State Farm Mut. Auto Ins. Co., 896
S.W.2d 170, 173 (Tex. 1995).

 “As Is” Contract
 By purchasing a property “as is,” the buyer accepts the risk that
the property is worth less than the price paid. Prudential Insurance
Company of America v. Jefferson Associates, Ltd., 896 S.W.2d 156, 161
(Tex. 1995). He is thus precluded from proving that the seller’s
conduct caused him harm. Id. There are, however, exceptions to this
rule. If the totality of the circumstances surrounding the
transaction suggest that the “as is” clause is merely a boilerplate
provision between parties of unequal bargaining power, the clause may
not be given effect. Id. at 162. Further, if the buyer is induced to
enter the agreement because of a fraudulent representation or
concealment of information by the seller, the seller may not hide
behind the “as is” provision. Id.; Weitzel v. Barnes, 691 S.W.2d 598,
601 (Tex. 1985).
 Next, a TREC contract using the language “in its current
condition” has been construed to be an “as is” agreement. Sims v.
Century 21 Capital Team, Inc., No. 03-05-00461-CV, 2006 Tex. App.
Lexis 7990, at *5-6 (Tex. App.–Austin September 7, 2006, no pet.); see
also Cherry v. McCall, 138 S.W.3d 35, 39 (Tex. App.–San Antonio 2004,
pet. denied); Fletcher v. Edwards, 26 S.W.3d 66, 75 (Tex. App.–Waco
2000, pet. denied). And, because this case was transferred from the
Austin Court of Appeals, we must abide by its precedent, though it
does not necessarily control the outcome of cases originating within
the geographic borders of the Court of Appeals for the Seventh
District of Texas.
 We further note that the record illustrates that both parties
were represented by real estate agents, the Boehls paid extra for an
option to withdraw from the transaction, the Boehls negotiated an
extension of that option period, and they further negotiated the
repair of certain items by Boley. Therefore, the circumstances
surrounding execution of the sales contract do not depict a situation
reminiscent of an adhesion contract or like relationship wherein one
party has little to no bargaining power; this is of import for such a
situation may nullify the “as is” nature of the contract at issue,
according to the court in Sims. See Sims v. Century 21 Capital Team,
Inc., 2006 Tex. App. Lexis 7990, at *8-9.
 And, to the extent that the effect of an “as is” contract may
also be nullified through the seller’s use of fraud, we find no
evidence of record illustrating that Boley knew the actual condition
of the well when he made representations about it being functional or
having a certain level or amount of water. Nor does the record
contain evidence from which reasonable minds could infer that he
garnered such knowledge after making those representations and before
the closing date. He did cause a well switch to be repaired, but no
evidence developing that circumstance exists from which one could
reasonably infer that he garnered information rendering his prior
representations inaccurate. Nor does the statement of a technician
tendered by the Boehls to the effect that Boley must have known of the
well’s defects fill the void. That is nothing more than ipse dixit,
or a conclusion without factual support. As such, it constitutes no
evidence. City of San Antonio v. Pollock, 284 S.W.3d 809, 816 (Tex.
2009) (explaining ipse dixit and that it is not competent evidence).
 To the extent that the Boehls rely upon Pairett v. Gutierrez,
969 S.W.2d 512 (Tex. App.–Austin 1998, pet. denied) to support their
argument that a material question of fact existed, we find the opinion
inapposite. Unlike the situation here, evidence appeared in the
Pairett record suggesting that the crack in the foundation was
sufficiently open and obvious for a long enough time that someone
living in the house would have known of it. Id. at 515. We have no
such evidence at bar.
 Nor do we find relevant the argument that Boley’s affidavit was
not competent summary judgment evidence since it was from an
interested party. This is so because the exception to the “as is”
nature of the contract likens to a defense or affirmative defense.
So, to the extent that the non-movants attempted to invoke it as a bar
to summary judgment, the burden was theirs to present competent
evidence creating a material issue of fact viz each element of the
defense. Forrest v. Vital Earth Resources, 120 S.W.3d 480, 487 (Tex.
App.–Texarkana 2003, pet. denied) (describing the burden of proof on a
non-movant attempting to invoke a defense to defeat summary judgment).
 Boley need not have presented any evidence; so, whether the
statements in his affidavit about lacking knowledge of the well’s
actual condition are competent summary judgment evidence does not
matter.
 Finally, the Boehls contend that because Boley chose to make
representations about the property instead of remaining silent, he
removed himself from the protection of the “as is” nature of the
contract. As already noted, there is no evidence that those
statements were not true at the time they were made or that Boley knew
that they were inaccurate. See Prudential Insurance Company of
America v. Jefferson Associates, Ltd., 896 S.W.2d at 163 (stating that
there was no evidence that the property manager knew or had any reason
to suspect that her statement that there were no defects in the
building other than the foundation in the mechanical room was
inaccurate). Accordingly, we find the summary judgment was proper and
overrule the Boehls’ issue.

 Attorney’s Fees
 The Boehls also complain of the award of attorney’s fees to
Coldwell Banker and Dawson because they were not parties to the sales
agreement. That agreement provided: “The prevailing party in any
legal proceeding related to this contract is entitled to recover
reasonable attorney’s fees and all costs of such proceeding incurred
by the prevailing party.” The Austin Court of Appeals has held that
such language permits real estate brokers to recover attorney’s fees
as long as they are a prevailing party in a legal proceeding related
to the contract. See Sierra Associate Group, Inc. v. Hardeman, No. 03-
08-00324-CV, 2009 Tex. App. Lexis 1181, at *26-28 (Tex. App.–Austin
February 20, 2009, no pet.) (mem. op.). We are bound to follow that
decision as well. Tex. R. App. P. 41.3.
 In their reply brief, the Boehls argue that its claims against
Coldwell Banker and Dawson are not breach of contract claims and are
therefore not “related to this contract.” However, the defense of
both parties and the basis for summary judgment in their favor was
that the sales agreement was an “as is” contract. We, therefore, find
the lawsuit to be related to the sales agreement.
 Having overruled each issue, we affirm the summary judgment.

 Per Curiam

-----------------------
 [1]The provision stated: “Buyer accepts the Property in its
present condition; provided Seller, at Seller’s expense, shall
complete the following specific repairs and treatments: ______.” The
blank was not completed in the original contract, but the parties
later negotiated an amendment under which Boley was to make a number
of repairs.

 [2]Weldon Boehl admitted he was never told that the well wouldn’t
go dry.

 [3]That statute provides: “A party is not liable for a
misrepresentation or a concealment of a material fact made by a
license holder in a real estate transaction unless the party: (1)
knew of the falsity of the misrepresentation or concealment; and (2)
failed to disclose the party’s knowledge of the falsity of the
misrepresentation or concealment.” Tex. Occ. Code Ann. §1101.805(d)
(Vernon 2004).