**Affirmed in Part and Reversed and Remanded in Part and Majority and Dissenting Opinions filed May 12, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00097-CV

---

### VICKI WARD, Appellant

### V.

### LAMAR UNIVERSITY, TEXAS STATE UNIVERSITY SYSTEM, AND JAMES SIMMONS, Appellee

---

**On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Court Cause No. E-194,323**

---

## DISSENTING OPINION

I respectfully dissent.

In her original petition, appellant/plaintiff Vicki Ward pled claims under the Whistleblower Act. In their plea to the jurisdiction, appellees Lamar University and the Texas State University System argued that they have governmental

immunity from suit and that the governmental immunity is waived only if Ward establishes a whistleblower claim. Lamar and the System assert that because Ward was not terminated or subjected to an adverse personnel action, she failed to invoke the waiver of sovereign immunity necessary to vest the trial court with jurisdiction.

After Lamar and the System filed their plea to the jurisdiction, Ward amended her petition to assert claims under the Declaratory Judgments Act and to seek an injunction requiring Lamar and the System to restore her former job duties and refrain from violating her constitutional rights and retaliating against her. In particular, Ward sought a declaratory judgment that Lamar and the System violated Article I, Sections 3, 3a, 8, and 19 of the Texas Constitution. The trial court granted the plea to the jurisdiction. In its order, the trial court stated: "On its own motion, the Court also finds that the claims under the Texas Constitution contained in the Amended Petition fail to articulate facts which, if believed, would support such a claim."

The majority analyzes the grounds for dismissal asserted in the plea to the jurisdiction and concludes that the trial court erred in dismissing Ward's whistleblower claims against Lamar because there is evidence that she met the Whistleblower Act's grievance requirement and that Lamar took an adverse personnel action against her. The majority also concludes that the trial court properly dismissed Ward's whistleblower claims against the System because there is no evidence that the System took an adverse personnel action against her. The majority determines that the trial court's dismissal of Ward's request for a declaratory judgment that the System violated Article I, Section 8 of the Texas Constitution may be affirmed on the same ground as the dismissal of the whistleblower claims against the System—lack of evidence of an adverse

2

personnel action.  In addressing Ward's other claims for a declaratory judgment that Lamar and the System violated the Texas Constitution, the majority concludes that the trial court erred in dismissing these claims sua sponte on the non-jurisdictional ground that Ward failed to plead facts supporting these claims.

Ward has not presented argument on appeal that the trial court erred in sua sponte addressing whether her claims under the Texas Constitution (collectively "Constitutional Claims") should be dismissed, nor has Ward asserted that the trial court's dismissal of these claims was a non-jurisdictional dismissal, as the majority concludes.[1]  Ward has not presented argument on appeal that the trial court erred in dismissing the Constitutional Claims in the absence of a motion or plea by Lamar or the System, nor has Ward argued that she should be given an opportunity to amend her pleadings.[2]  The majority errs in addressing the trial court's dismissal of

---

[1]The trial court's order is subject to more than one interpretation, including the reasonable interpretation that the trial court dismissed Ward's Constitutional Claims sua sponte based on a conclusion that it lacked subject-matter jurisdiction over those claims because Ward failed to plead any viable constitutional claims.  A trial court's sua sponte dismissal of claims suggests that the dismissal was based upon lack of subject-matter jurisdiction. *See DeWolf v. Kohler*, 452 S.W.3d 373, 382 (Tex. App.—Houston [14th Dist.] 2014, no pet.). If the governmental immunity or sovereign immunity of a governmental defendant has not been waived as to a particular claim, the courts lack subject-matter jurisdiction over that claim. *See University of Houston v. Barth*, 403 S.W.3d 851, 853 (Tex. 2013) (per curiam).  A trial court is obliged to determine whether it has subject-matter jurisdiction and must consider the question sua sponte, even if no party challenges the court's subject-matter jurisdiction. *See DeWolf*, 452 S.W.3d at 382 (holding that trial court correctly dismissed claims sua sponte for lack of subject-matter jurisdiction). Notwithstanding any other matter that might deprive the trial court of subject-matter jurisdiction, if a plaintiff fails to plead a viable constitutional claim against a governmental defendant, the defendant is immune from suit and the trial court lacks subject-matter jurisdiction over that claim.  *See Barth*, 403 S.W.3d at 853; *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011); *Montrose Management Dist. v. 1620 Hawthorne, Ltd.*, 435 S.W.3d 393, 408 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

[2] Neither before nor after the trial court's dismissal order, did Ward ask the trial court for an opportunity to amend her petition.  On appeal, Ward has not made such a request nor has Ward asserted that the trial court erred in not giving her an opportunity to amend her petition. *See Gray v. City of Galveston*, No. 14-03-00298-CV, 2003 WL 22908145, at *2 (Tex. App.—Houston [14th Dist.] Dec. 11, 2003, pet. denied) (holding that, by failing to request an opportunity to amend her petition in the trial court, appellant waived any right she had to an

six of Ward's Constitutional Claims because Ward did not challenge their dismissal on appeal.

The majority reverses on unassigned error. Under the rules of appellate procedure, the appellant, in the issues-presented section of the appellant's brief, must assign error by stating "all issues or points presented for review."[3] The rules provide that "[t]he statement of an issue or point will be treated as covering every subsidiary question that is fairly included."[4] In a civil appeal, an appellate court cannot reverse a trial court's judgment absent properly assigned error.[5] Thus, this court may not reverse the trial court's judgment due to an error unless this court can reasonably construe Ward's brief to assign that error.[6]

The Supreme Court of Texas has concluded that, even if an appellant's issues presented do not state or fairly include a challenge to a particular trial court ruling, the appellate court should construe the issues presented liberally to include such a challenge if the appellant presents argument addressing the merits of that ruling.[7] Thus, for error to be assigned, at a bare minimum, the brief must contain a merits argument on the point.

Whenever possible, a court should employ a reasonable-yet-liberal construction to reach the merits of an issue, but a court should not address unassigned error in the name of liberal construction. Addressing a poorly briefed

---

opportunity to amend her petition in an attempt to allege facts sufficient to plead a claim within a waiver of sovereign immunity) (mem. op.).

[3] Tex. R. App. P. 38.1(f).

[4] *Id.*

[5] *Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (per curiam); *Izaguirre v. Rivera*, No. 14-12-00081-CV, 2012 WL 2814131, at *2 (Tex. App.—Houston [14th Dist.] Jul. 10, 2012, no pet.) (mem. op.).

[6] *See Pat Baker Co., Inc.*, 971 S.W.2d at 450.

[7] *See Perry v. Cohen,* 272 S.W.3d 585,587–88 (Tex. 2008) (per curiam).

issue is not the same as introducing an issue not briefed at all. There are good reasons to restrict the scope of the appeal to the issues fairly raised in the appellate briefs. The requirement that a party raise an issue ensures that parties notify the court and the opposing party of their complaints so that the opposing party will have a fair opportunity to respond and notify the court of any applicable legal or factual issues regarding those complaints.[8]  Tellingly, in responding to Ward's appellant's brief, the appellees briefed only the free-speech claim and submitted no briefing at all addressing the other Constitutional Claims.  Nothing in the appellant's brief can be said to have given fair notice (or any notice) that these claims could be in issue.

For the appellate process to function properly, the appellant must identify the alleged errors in terms sufficient to enable the court of appeals and the appellee to consider the points on which the appellant seeks a reversal of the judgment.  In determining whether error has been assigned, the court considers not only the issues presented but also any arguments addressing the merits of the ruling under attack. The corollary is that, as a matter of fairness, courts must apply the reasonable-yet-liberal construction principle consistently. This court consistently finds waiver when parties do not present argument.[9]  Today's ruling is out of step with this practice.

If an issue is not fairly raised in the briefing, then it is unfair, and unwise, for

---

[8] *See Forrest v. Vital Earth Resources*, 120 S.W.3d 480, 486 (Tex. App.—Texarkana 2003, pet. denied).

[9] *See e.g. Goad v. Hancock Bank*, No. 14-13-00861-CV, 2015 WL 1640530, at *5 (Tex. App.—Houston [14th Dist.] Apr. 9, 2015, no pet. h.) (holding that a party which made a "passing argument" waived the issue by failing to provide any substantive argument, analysis, or citation to the record or relevant authorities in support of his contention") (mem. op); *Smitherman v. Bank of America, N.A.*, No.14-14-00550-CV, 2015 WL 1622180, at *3 & n.5 (Tex. App.—Houston [14th Dist.] Apr. 7, 2015, no pet. h.) (holding that a conclusory argument with no citations to authority or the record constitutes briefing waiver); *Fox v. Alberto*, —S.W.3d—, 2014 WL 6998094, at *6 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

the court of appeals to address the issue and reverse on unassigned error. This is especially true when the unraised points are state constitutional issues of first impression for which the court has not one iota of merits briefing from either side.[10]

> In her issues presented, Ward asserts:
>
> Ward pled and testified that she suffered retaliation in the form of lost responsibility, lost prestige, and lost status and that both the University [Lamar] and TSUS [the System] committed adverse personnel actions against her. Did she state a claim for relief under the Texas Whistleblower Act?
>
> Ward's pleadings and testimony establish that she exercised her free-speech right to report criminal wrongdoing within a public institution and that she suffered retaliation as a result. Was the trial court's dismissal of her claim erroneous?

The majority states that the word "claim" in the question at the end of the second issue refers to all of Ward's declaratory-judgment claims. Context matters. The better reading of this question is that it refers to the sentence immediately preceding it and queries whether the trial court erred in dismissing Ward's claim for declaratory relief based on her free-speech right to report criminal wrongdoing within a public institution.[11]

---

[10] The majority reverses the trial court's dismissal of all but one of the Constitutional Claims based upon what it concludes was the trial court's procedural error in dismissing the claims sua sponte on a non-jurisdictional basis. Neither side has briefed this alleged error either.

[11] In the context of this issue on pages 1-2 of Ward's appellate brief, this question refers only to the trial court's dismissal of Ward's claim for declaratory relief based on her free-speech right under the Texas Constitution. The majority concludes that an argument heading on page 24 of the brief shows that "claim" as used in this question refers to all of Ward's declaratory-judgment claims: "Ward pled and demonstrated a claim for declaratory judgment under the Texas Constitution." Under that heading, Ward asserts "In her First Amended Petition, Ward included a broadly worded claim for declaratory judgment against all defendants under several provisions of the Texas Constitution, including Article I, Section 8, dealing with free speech." But all of the briefing that follows under the second issue addresses only Article I, section 8. Ward does not ever mention Article I, Section 3 or Article I, Section 3a. Ward's brief does not

6

In the summary of her argument in her appellate brief, Ward asserts:

Ward's constitutional claims were hardly even addressed by the University [Lamar] and TSUS [the System] in their plea. The Order dismissing those claims states that the action was taken on the trial court's own initiative and motion. But the trial court should not have so moved. The same report of wrongdoing that implicated the Whistleblower Act also implicated the free-speech protection of the Texas Constitution, and Ward's pleadings claim as much. . . . Ward offered pleadings and testimony on each element of a claim for free-speech retaliation, and the University [Lamar] and TSUS [the System] offered nothing in return. . . No ground existed for dismissal of Ward's claims, and the trial court's order should be reversed.

The majority quotes only a portion of this paragraph. That portion, read out of context, might suggest that Ward sought to challenge the trial court's dismissal of all of her constitutional claims, as opposed to Ward's two claims under Article I, Section 8, but the context of that portion of Ward's appellate brief shows that the constitutional claims to which Ward refers are her claims under Article I, Section 8. And, the rest of Ward's brief bolsters this reading.

In her appellate brief, Ward notes that she included a "broadly worded claim for declaratory judgment against all defendants under several provisions of the Texas Constitution, including Article One, Section 8." Ward then argues that she adequately pled and demonstrated a claim for relief under Article I, Section 8 because she suffered adverse personnel actions for speaking on a matter of public

_____

contain the word "equal" nor the word "equality." Ward's brief does not mention Article I, Section 19. It does not contain the word "life" nor the phrase "due process" nor the phrase "due course of law." Ward does not mention these sections of the Texas Constitution or any of the key terms in these sections in her briefing. In this context, the argument heading on page 24 of Ward's brief does not show an intent by Ward to challenge the trial court's denial of her claims under these sections. The logical reading of Ward's brief is that she did not challenge the dismissal of these constitutional claims on appeal. The appellees presumably drew that conclusion, given that the appellees' brief did not include any argument or briefing on these claims.

concern. Ward did not specifically refer to any of the other Texas Constitution provisions in her appellate brief.[12]

In the issues-presented section of her appellant's brief, Ward does not state any issue or point challenging the trial court's dismissal of her declaratory-judgment claims regarding Article I, Section 3, Article I, Section 3a, or Article I, Section 19, nor is such a challenge a subsidiary question that is fairly included in either of Ward's issues. In no part of her appellant's brief does Ward present argument addressing whether the trial court erred in dismissing these claims. Therefore, Ward's brief cannot reasonably be read to assign error as to the trial court's dismissal of her declaratory-judgment claims regarding Article I, Sections

---

[12] Article I, Section 8 of the Texas Constitution, entitled "Freedom of speech and press; libel," provides:

> Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. In prosecutions for the publication of papers, investigating the conduct of officers, or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence. And in all indictment for libels, the jury shall have the right to determine the law and the facts, under the direction of the court, as in other cases.

Tex. Const. art. I, § 8 (West, Westlaw through 2013 3d C.S.). Article I, Section 3 of the Texas Constitution, entitled "Equal Rights" provides: "All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services." Tex. Const. art. I, § 3 (West, Westlaw through 2013 3d C.S.). Article I, Section 3a, entitled "Equality Under the Law" provides: "Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative." Tex. Const. art. I, § 3a (West, Westlaw through 2013 3d C.S.). Article I, Section 19, entitled "Deprivation of life, liberty, etc.; due course of law," provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19 (West, Westlaw through 2013 C.S.). These provisions are different enough that Ward's issue addressing the trial court's dismissal of her Article I, Section 8 claims against each party does not subsume the trial court's dismissal of her other six Texas Constitutional claims against each party.

3, 3a, or 19 of the Texas Constitution.[13] Because Ward has not raised any issue with the trial court's dismissal of these claims, binding precedent prevents this court from reversing the trial court's dismissal of these claims.[14]

/s/ Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby. (Busby, J., majority).

---

[13]*See Kennedy Con., Inc. v. Forman*, 316 S.W.3d 129, 138, n.10 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

[14] *See Pat Baker Co., Inc.*, 971 S.W.2d at 450; *Kennedy Con., Inc.*, 316 S.W.3d at 138, n.10. *See also Britton v. Texas Dept. of Criminal Justice*, 95 S.W.3d 676, 681 & n.6 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (noting that appellate courts cannot overturn trial court decision declining to exercise jurisdiction on unassigned error).