**MIKE PERSIA CHEVROLET, INC.,**
Appellant,

v.

**Joe Z. BLANCO, Appellee.**

**No. 415.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 9, 1970.

Rehearing Denied Jan. 6, 1971.

Tom Clarke, Branch & Stilwell, Houston, for appellant.

George M. Bishop, Tipton & Bishop, Houston, for appellee.

SAM D. JOHNSON, Justice.

This suit was brought by Joe Z. Blanco and wife against Mike Persia Chevrolet, Inc., for conversion of the Blanco's automobile, $100 in cash and exemplary dam-

ages for fraud. Trial was to a jury. Based upon special issue findings judgment was entered for the plaintiff. Defendant Mike Persia duly perfects appeal to this Court.

On August 21, 1967, the Blancos entered the automobile showroom of the defendant, Mike Persia Chevrolet for the purpose of purchasing a new car. They selected a particular automobile. The plaintiffs alleged that the Mike Persia sales agent stated that the monthly payments would not be more than $85 per month for 36 months after crediting the plaintiff's down payment of $100 and the trade-in of plaintiff's 1963 Ford. Blanco further alleged that he was induced by the agents of the defendant corporation to sign blank contract of sale forms, which he was told would be filled out later by defendant's agent to the plaintiff's satisfaction. After signing the contract forms Blanco transferred the title to his 1963 automobile to Mike Persia and gave the defendant corporation a $100 check as a down payment. The new car was to be obtained by the Blancos the next day, that is, on August 22. The plaintiffs alleged that on such day and prior to the delivery of the new car, they discovered that the representations by Mike Persia's agent were false and notified the defendant corporation's agent that they no longer wished to purchase an automobile from the defendant because the terms of the sales contract had been filled out requiring monthly payments of $95 per month, a higher figure than the $85 agreed upon the day before. Mike Persia's agents refused to restore to the plaintiff their 1963 Ford automobile and the $100 down payment.

In answer to special issues the jury found that the contract form was signed by plaintiff in blank and that before the plaintiff signed the contract, the defendant's agent represented that their monthly payments would not be more than $85 per month for 36 months. The jury found that plaintiff's 1963 automobile had a market value of $900 and awarded the plaintiff $2,000 in exemplary damages.

The parties had agreed that the plaintiff should recover the additional sum of $100 as that amount represented the plaintiff's down payment. It was upon such jury findings that the trial court entered judgment for plaintiff in the amount of $3,000.

In this appeal defendant first contends that the jury finding relative to the representations that the plaintiff's monthly payments would not be more than $85 per month for 36 months is so against the great weight and degree of the credible evidence as to be clearly wrong and manifestly unjust. Mr. and Mrs. Blanco both testified unequivocally that the agents of Mike Persia Chevrolet represented that the payments would be no more than $85 per month. The defendant's agents testified that the plaintiffs had agreed to payments of $95.00 per month.

On August 22, 1967, Mrs. Blanco filed a complaint against the defendant corporation with the Better Business Bureau. From a variety of complaints printed on the Better Business Bureau complaint form, Mrs. Blanco checked three causes of complaint: misrepresentation—oral; non-delivery of merchandise; and unsatisfactory service. In a narrative recitation on this same complaint form Mrs. Blanco described her allegations against the defendant and gave her version of some of the surrounding events which are summarized as follows: (1) Mike Persia's agents induced Mr. Blanco to sign a blank contract; (2) Mrs. Blanco called her sister-in-law who thought Mike Persia was charging too much for the car; (3) on August 22nd Mrs. Blanco went to Mike Persia and obtained a copy of the sales contract and informed defendant that she was seeking individual financing and advised defendant not to go through with the credit check; (4) Mrs. Blanco went to one or more banks in an attempt to obtain more favorable financing terms; (5) Mrs. Blanco advised Mike Persia's agent that "No bank would touch the deal" because the price of the automobile had depreciated $500. A reading of the entire complaint

given to the Better Business Bureau indicates that Mrs. Blanco gave considerable emphasis to the contention that the new automobile was seriously overpriced.

■ The defendant contends that this complaint is evidence that their agents did not represent that the payments would be no more than $85 per month because Mrs. Blanco did not specifically describe this representation. We cannot concur in such construction because on the face of the complaint, Mrs. Blanco selected "misrepresentation—oral" as one of the causes of complaint. We hold that the jury's finding on this issue is not against the great weight and preponderance of the evidence.

In the second point of error, the defendant contends that the trial court erred in overruling its exceptions and objections to the submission of special issue number 4 for the reason that such issue was improperly conditioned on special issue number 2 in that it appraised the jury of the effect of their answer and as such constituted a general charge as well as a comment on the weight of the evidence. Special issue number 2 asked if before the plaintiff signed the contract form the defendant's agent represented to plaintiffs that their monthly payments would not be more than $85 per month. The jury was instructed not to answer special issue number 4 which inquired into the amount of exemplary damages unless they found that in response to special issue number 2 the defendant's agent had made such representations. Special issue number 4 also contained an explanatory instruction which stated that the amount of exemplary damages must be proportional to the amount of actual damages.

■ There were only four special issues submitted. Plaintiff's case, in essence, was based on the alleged representation by defendant's agents. Any jury of reasonably intelligent men and women would have known that there could be no exemplary damages for fraud where there

was no fraud, the fraud consisting of the false representations of defendant's agent. "In order for a conditional submission to be erroneous, it must inform the jury of that which it would not know but for such conditional submission." Grieger v. Vega, 153 Tex. 498, 271 S.W.2d 85, 87 (1954). Appellant's second point of error is overruled.

In the final point of error the defendant contends that the trial court erred in allowing the plaintiff to introduce into evidence a cancelled check for the limited purpose of showing the date when said check was cashed because the notations on the back of the check are hearsay and hence, inadmissible. The plaintiff offered into evidence the cancelled check for $100 which represented plaintiff's down payment in the transaction in question. The cancelled check was offered for the limited purpose of showing the date when the said check was cashed, the plaintiff referred to a stamped statement on the back of the check "Aug 22 67 3598." It is also to be noted that the face of the check also bore a stamped statement "Paid Aug 22 '67 Reagan State Bank." Blanco testified that on the morning of August 22, 1967, he went to the bank to stop payment on the check after learning that the payments were $95 per month rather than $85 and there learned that the employees of Mike Persia had already converted the check into a cashier's check.

■ The notation on the check was a statement made out of court and offered for the purpose of proving the truth of the statement and was inadmissible as hearsay. Springer v. State, 102 Tex.Cr. R. 604, 278 S.W. 1104 (Tex.Crim.App. 1926); Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331 (Tex. Sup.1963); McCormick & Ray, Texas Law of Evidence, Sec. 781. The defendants have failed to establish, however, that the error was reasonably calculated to cause and probably did cause a rendition of an improper judgment. We conclude that the

error was harmless. Rule 434, Texas Rules of Civil Procedure; Retail Credit Company v. Hyman, 316 S.W.2d 769, 772 (Tex.Civ.App.1958), writ ref.

The judgment of the trial court is affirmed.