**AFFIRM in part; REVERSE in part; REMAND and Opinion Filed August 6, 2024**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00389-CV**

**JOHN HURT AND LESLEA HURT, Appellants**
**V.**
**AMALENDU GOSWAMI AND HARSHA GOSWAMI, Appellees**

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-02059-2020**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

John and Leslea Hurt appeal the trial court's traditional and no-evidence summary judgments in favor of Amalendu and Harsha Goswami. Asserting five issues, the Hurts contend (1) the trial court erred in not granting their requests for a continuance, (2) the motions for summary judgment are insufficient to support the judgments rendered, (3) the trial court erred in considering the summary judgment evidence submitted by the Goswamis and in striking the summary judgment evidence they submitted, (4) the trial court was precluded from rendering judgment

because another court had dominant jurisdiction, and (5) the trial court erred in granting the Goswamis' motion for new trial following the default judgment against them. For the reasons that follow, we reverse the trial court's traditional summary judgment as to a portion of the Goswamis' damages and the amount of attorney's fees and remand those matters for further proceedings. We affirm the judgments in all other respects.

## Background

The Hurts were tenants living in a residential property leased to them by the Goswamis. In August 2020, the Hurts filed suit against the Goswamis in Justice Court Precinct 4 in Collin County. The petition alleged the Goswamis refused to repair "a condition on the leased property that would materially affect the health or safety of an ordinary tenant." Specifically, the Hurts alleged there was "a leak and associated black mold problem."

The Goswamis state they were attempting to solve the alleged leak and mold issues when the Hurts began denying their contractors access to the property. Based on this and other purported lease violations, the Goswamis filed a forcible detainer eviction suit in Justice Court Precinct 3. The Hurts answered and asserted a counterclaim for retaliatory eviction.

On September 16, 2020, the Hurts nonsuited their claims in Justice Court Precinct 4 and, two weeks later, filed this lawsuit in Collin County Court at Law

Number 3, reasserting their claim for failure to repair a dangerous condition under section 92.056 of the Texas Property Code. The Goswamis' counsel did not file an answer to this new suit, and the Hurts obtained a default judgment against them. The default judgment was set aside after the Goswamis timely filed a motion for new trial.

In early 2021, the Goswamis non-suited their eviction claims in Justice Court Precinct 3 and filed a forcible detainer and breach of lease action in County Court at Law Number 5. They later filed an unopposed motion to consolidate those claims with this suit in County Court at Law Number 3. The motion was granted and the claims were consolidated. The Hurts vacated the subject property at the end of the lease term on May 31, 2021.

On November 2, 2021, the Hurts' counsel filed a motion to withdraw stating continued representation of the Hurts had become unreasonably difficult. The Hurts subsequently filed a notice that they would be representing themselves pro se along with multiple pleadings and motions including a motion to sever the Goswamis' claims, a motion in limine, and a motion for continuance requesting a sixty-day extension of the current deadlines to obtain additional discovery. The motion for continuance was not verified and did not contain a certificate of conference.

On January 25, the Hurts filed a motion for no-evidence summary judgment on the Goswamis' property code claim. The motion was set to be heard by

submission on March 4.  The next day, John Hurt emailed the trial court coordinator stating it was "important to get [their] motion for continuance heard."  The court coordinator responded that all of the Hurts' motions would be heard at the pre-trial conference on March 17.  John replied that they should be able to "get a hearing now on the motion to sever since it affects everything else."  The court coordinator responded, "This will be heard at pre-trial."

On February 7, John emailed the court coordinator stating they believed that, because the Goswamis had not responded to their motion for continuance, motion to sever, or motion in limine, the motions should "be considered as uncontested and would therefore not require a hearing."  He further stated they were "looking for the appropriate motion to file" and there was "nothing for [the court coordinator] to do."

On February 10, the Goswamis filed a motion for traditional summary judgment on the Hurts' retaliation claim and on their counterclaim for breach of the lease.  This motion was set to be heard at the same time as their motion for no-evidence summary judgment.

That same day, the Hurts filed a response to the Goswamis' motion for no-evidence summary judgment.  Although the Hurts stated in their response that there had been "inadequate discovery," they additionally asserted the Goswamis' no-evidence motion was frivolous because they were "fully aware of all the evidence

proving [the Hurts'] claims" which was provided to the Goswamis' attorney in September 2020.

Between February 14 and February 24, the Hurts filed (1) a motion for traditional summary judgment on their claim for violations of the Texas Property Code and retaliatory eviction, (2) an affidavit and certificate of conference in support of the motion for continuance filed two months earlier, (3) a second motion for continuance, (4) amended and supplemental responses to the Goswamis' motion for no-evidence summary judgment, (4) responses to the Goswamis' traditional motion for summary judgment, and (5) two "motions for reconsideration" requesting the trial court to allow oral argument at the submission of the motions for summary judgment. The affidavit in support of the Hurts' first motion for continuance stated in its entirety,

> 1. My name is John Hurt. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.
>
> 2. This request is partly due to the fact that plaintiff John Hurt is ill, anticipating surgery and chemotherapy. Time is needed to complete originally planned discovery, as well as to extend plaintiffs' discovery requests.
>
> 3. This request for continuance is not for delay only, but so justice may be done.

The Hurts' second motion for continuance, filed on February 16, was brought pursuant to Rule 252 of the Texas Rules of Civil Procedure which permits a trial court to continue a hearing or trial when a party or witness is unavailable to testify.

The Hurts asserted in their motion that, because of the side effects of medical treatments beginning on February 18, John would be prevented from "participating as necessary in the case short term." The motion requested the court to "continue hearings, discovery, and the trial in this case until April 1, 2022." The motion was not verified and did not contain a certificate of conference.

The same day the Hurts filed their second motion for continuance, John emailed the court coordinator asking when the motions on file were scheduled to be heard. The court coordinator responded that the Goswamis' motions for summary judgment were scheduled to be heard by submission on March 4, the Hurts' motion for summary judgment was scheduled to be heard by submission on March 14, and all other motions were scheduled to be heard at the pre-trial conference on March 17.

That night between 5:30 and 10:00 p.m., John sent the court coordinator seven emails addressing a variety of topics including (1) the fact that the Goswamis' motions for summary judgment would be heard before theirs, (2) their objection to the motions being heard by submission, and (3) confirming the judge would have all the exhibits they submitted in connection with their motion for summary judgment and their responses to the Goswamis' motions for summary judgment. The email concerning the exhibits attached the evidence the Hurts wanted the judge to consider. In addition to discussing the summary judgment motions, John also informed the

court coordinator he had filed a new motion for continuance. He did not specifically request the new continuance motion be set for a hearing, but stated he was "concerned that [their] previous motion never got heard and won't do [them] much good by 3/17."

At 11:34 p.m. that night, John sent an email to the Collin County clerk's office stating he was having trouble getting motions heard and their motion for a "medical continuance" was not scheduled to be heard until months after it was filed. That email was forwarded by the lead clerk to the court coordinator the next morning who, in response to all John's emails, informed him that any documents they wished the court to consider in connection with the motions for summary judgment must be filed with the court rather than emailed to her, and the timeline for the hearings on the motions for summary judgment was set by the Texas Rules of Civil Procedure. John replied that their request for a medical continuance was urgent and should be granted immediately without a hearing.

One week later, on February 24, John emailed the court coordinator stating he wanted to send out notices for the hearings on their motion for summary judgment, motions for continuance, motion to sever, and motion in limine, but he had "lost track of the dates and times" for the hearings. The email concluded "I don't know if we have one hearing for the motion for continuance I submitted in December or

two including the one I recently submitted. Again, these will do me no good a month down the road."

On March 1, the Goswamis filed their replies to the Hurts' responses to their motions for traditional and no-evidence summary judgment and moved to strike all evidence submitted by the Hurts. The Goswamis objected that the documentary evidence was unauthenticated, lacked foundation, was irrelevant, or constituted hearsay, and the affidavit testimony was conclusory or without legal basis. The Hurts filed a reply in which they did not address the Goswamis' specific objections to their evidence other than to state that the pictures they submitted were taken by them or their daughters and they would "testify to this fact under oath."

On March 4, the trial court granted the Goswamis' motions to strike and their motions for traditional and no-evidence summary judgment. The Hurts, now represented by counsel, filed a motion for new trial contending the trial court erred in either failing to rule on their second motion for a continuance or in denying the motion despite John's significant health issues. They further argued the court improperly struck their evidence, and the Goswamis' motions were insufficient to support the judgments. The Goswamis responded that neither of the Hurts' motions for continuance complied with the Texas Rules of Civil Procedure, the Hurts' evidence was properly struck, and the motions were sufficient to support the judgments rendered.

The trial court denied the Hurts' motion for new trial. This appeal followed.

## Analysis

### I. Granting New Trial Following Default

In their fifth issue, the Hurts contend the trial court erred in granting the Goswamis' motion for new trial following the default judgment taken against them. Generally, an order granting a new trial within the trial court's plenary power is not subject to review either by direct appeal from that order or from a final judgment rendered after further proceedings in the trial court. *See Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984). The Hurts do not argue that any recognized exception to this general rule applies. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). We overrule this issue.

### II. Motions for Continuance

In their first issue, the Hurts contend the trial court erred in refusing to grant them a continuance before ruling on the motions for summary judgment. Rule 166a(g) allows a trial court to grant a continuance to a party opposing a motion for summary judgment if that party files an affidavit setting forth the reasons the party cannot present the facts necessary to respond to the motion. TEX. R. CIV. P. 166a(g). Alternatively, a continuance may be granted for sufficient cause supported by affidavit or consent of the parties. TEX. R. CIV. P. 251. A continuance seeking time for discovery must be supported by an affidavit that describes the evidence sought,

explains its materiality, and shows that the party requesting the continuance has used diligence to timely obtain the evidence. *D.R. Horton-Texas, Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 222-23 (Tex. App.—Fort Worth 2013, no pet.).

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *Taherzadeh v. Ghaleh-Assadi*, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied). In deciding whether the trial court abused its discretion, we do not substitute our judgment for that of the trial court, but decide only whether the trial court's action was arbitrary and unreasonable. *Fenton v. Nissan Motor Acceptance Corp.*, No. 05-22-00050-CV, 2023 WL 4731286, at *3 (Tex. App.—Dallas July 25, 2023, no pet.) (mem. op.). When a movant fails to comply with the verification or affidavit requirement for obtaining a continuance, we presume the trial court did not abuse its discretion in denying the motion. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). In addition, to preserve error for appellate review, the record must show the movant requested a hearing on the continuance motion and obtained a ruling. *5 Star Diamond, LLC v. Singh*, 369 S.W.3d 572, 580 (Tex. App.—Dallas 2012, no pet.). Even if a trial court abuses its discretion by denying a motion for continuance, to obtain appellate relief, the complaining party must demonstrate how they were harmed by the denial of the motion. *Bundy v. Houston*, No. 01-17-00863-CV, 2018 WL 6053602, at *7 (Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.) (mem. op.).

Most of the Hurts' arguments focus on their contention that the trial court refused to set their motions for continuance for a hearing. The record does not support this contention.[1] The Hurts filed their first motion for continuance on December 17, 2021. Filing the motion, by itself, did not require the trial court to set a hearing. *See 5 Star*, 369 S.W.3d at 580.[2] John Hurt did not contact the court about a hearing on the motion until January 26 when the court coordinator informed him the motion would be heard at the pretrial conference on March 17. While John protested that they wanted an immediate hearing on their motion to sever, he made no complaint about the March 17 hearing date for the motion for continuance. Two weeks later, John informed the court coordinator he believed that none of their motions, including their motion for continuance, required a hearing and there was nothing the court coordinator needed to do.

On February 16, John asked the court coordinator again when their motions were scheduled to be heard. The court coordinator informed him, again, that all pending motions other than the motions for summary judgment were scheduled to

---

[1] The Hurts rely heavily on an email discussion between their appellate counsel and the trial court judge about a records request in which the judge stated "[t]here were no responses" to the emails John Hurt sent his court coordinator. The record on appeal, however, contains responses from the court coordinator to all inquiries sent by John except one sent on February 24, 2022.

[2] "Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel." *Moreno v. Silva*, 316 S.W.3d 815, 817 (Tex. App.—Dallas 2010, pet. denied).

be heard on March 17. John Hurt complained about the delay in hearing their motion for continuance in emails sent to the court after business hours, but he informed the court coordinator the next day that the motion should not require a hearing and should simply be granted.

It was not until February 24, more than two months after the first motion for continuance was filed, and one week after making the first complaint about the scheduled hearing date for the motion, that the Hurts prepared a notice of hearing for the continuance motion and requested a hearing date prior to March 17. Assuming this request was sufficient to preserve error as to the trial court's failure to grant a continuance before the March 4 summary judgment hearing, we conclude the Hurts have not shown entitlement to relief on appeal.

The Hurts' first motion for continuance was unverified. An affidavit in support of the motion was not filed until two months later and stated only that John was ill and needed time to complete discovery.[3] The Hurts do not dispute that the affidavit failed to explain what further discovery was needed, why the discovery they sought was necessary to the case, or why the needed discovery had not been done in the fifteen months since the case was filed. *See Rana Shipping Transp.*

---

[3] The Hurts argue this affidavit was a verification of their original motion for continuance. The affidavit was not a verification of the motion because John attested only to the truth of the matters asserted in the affidavit which did not reference or incorporate the motion. *See In re Dobbins*, 247 S.W.3d 394, 397 (Tex. App.—Dallas 2008, orig. proceeding). Accordingly, only the facts in the affidavit were sworn to.

*Indus. & Trade, Ltd. v. Calixto*, No. 05-22-00337-CV, 2023 WL 4360982, at *2 (Tex. App.—Dallas July 6, 2023, no pet.) (mem. op.).

Their second motion for continuance was also unverified. No affidavit in support of the motion was filed. The asserted basis of the motion was that John would be beginning chemotherapy treatments on February 18 and these treatments would "prevent him from participating as necessary in the case in the short term." During that time, however, the Hurts filed numerous, lengthy responses to the Goswamis' motions for summary judgment and the motion to strike their evidence. The Hurts made no argument in their motion for new trial, and make no argument on appeal, to show how their responses would have been different if they had been given additional time. *See Pollitt v. Comput. Comforts, Inc.*, No. 01-13-00785-CV, 2014 WL 7474073, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, no pet.) (mem. op.). We resolve the Hurts' first issue against them.

### III. No-Evidence Summary Judgment

As part of their third issue, the Hurts challenge the trial court's order striking the summary judgment evidence they submitted in response to the Goswamis' no-evidence motion for summary judgment. We review a trial court's admission or exclusion of summary judgment evidence under an abuse of discretion standard. *Rana*, 2023 WL 4360982, at *2.

The Goswamis objected to all the evidence submitted by the Hurts in response to the motion for no-evidence summary judgment as being unauthenticated. Documents must be authenticated to constitute competent summary judgment evidence. *Brown v. Tarbert, LLC*, 616 S.W.3d 159, 164-65 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). To show their documents were properly authenticated, the Hurts point to an affidavit made by John in support of their motion for traditional summary judgment. Even assuming the affidavit was sufficient to authenticate documents, it was made solely in connection with the Hurts' motion for traditional summary judgment. The affidavit makes no reference to the Hurts' responses to the Goswamis' motion for no-evidence summary judgment or the exhibits submitted in support of those responses. Nor do the Hurts' responses to the motion for no-evidence summary judgment reference or incorporate the affidavit or the evidence attached thereto. While the Hurts characterize the proceedings below as cross-motions for summary judgment, the Hurts' motion for summary judgment had not yet been on file for twenty-one days and was not scheduled to be heard until ten days after the hearing on the Goswamis' motions. The court did not, and could not, consider the evidence submitted in connection with the Hurts' motion for

summary judgment in its rulings on the Goswamis' motions. *See* TEX. R. CIV. P. 166a(c).[4]

In the alternative, the Hurts contend that three of their exhibits were self-authenticating. Rule 902 of the Texas Rules of Evidence provides an exclusive list of items that are self-authenticating and require no extrinsic evidence of authenticity to be admitted. *Fleming v. Wilson*, 610 S.W.3d 18, 20 (Tex. 2020). Exhibit A to the Hurts' response was copies of three checks – two from the Hurts to the Goswamis dated August 3, 2020 and September 3, 2020 in the amount of $2,700, and one from the Goswamis to the Hurts dated September 4, 2020 for $2,700. Under Rule 902(9) commercial paper such as checks are self-authenticating. TEX. R. EVID. 902(9); *Ethridge v. State*, No. 12-09-00190-CR, 2012 WL 1379648, at *18 (Tex. App.—Tyler Apr. 18, 2012, no pet.) (mem. op., not designated for publication). Because the Goswamis objected to the checks only on the basis of lack of authentication, the trial court erred in striking this exhibit.

---

[4] The Hurts contend, without analysis, that the entire court's file, including their motion for summary judgment and the summary judgment evidence to which the Goswamis objected, should have been considered by the trial court because the Goswamis' motion for traditional summary judgment stated it was incorporating by reference "all pleadings and documents filed of record in this matter." As support for this contention, the Hurts cite to *Kazi v. Sohail*, No. 05-20-00789-CV, 2021 WL 5002421 (Tex. App.—Dallas Oct. 28, 2021, pet. denied) (mem. op.). In *Kazi*, this Court addressed whether the trial court could consider affidavit testimony submitted in support of a temporary injunction that was discussed at the hearing without objection. *Id.* at *3. *Kazi* does not involve a summary judgment or purport to alter long standing rules of summary judgment procedure, including that a party specifically identify the evidence being relied upon. *See* TEX. R. CIV. P. 166a; *Ramirez v. Colonial Freight Warehouse Co., Inc.*, 434 S.W.3d 244, 250 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (general reference to voluminous record inadequate). Nor does *Kazi* support the proposition that the Goswamis waived their objections to the Hurts' evidence.

Exhibit C is a copy of the eviction citation issued by Justice Court Precinct 3. The Hurts argue this document is self-authenticating because it bears the certification of the justice court and is signed by the judge. *See* TEX. R. EVID. 902(2). The Goswamis did not object to this document solely on the ground that it was not authenticated, however. They additionally objected that the document was not relevant to any of the elements of the Hurts' claim made the subject of the no-evidence summary judgment motion. Irrelevant evidence is not admissible. TEX. R. EVID. 402. The Hurts make no argument to show how the eviction notice is relevant to their claim the Goswamis failed to repair a water leak and mold issues in the leased property. We conclude the trial court did not abuse its discretion in striking this evidence.

Exhibit L is a copy of an invoice with a copy of a check superimposed on top of it. The memo line of the check bears the notation "mold testing." In addition to challenging the check on authentication grounds, the Goswamis also objected that the document contained inadmissible hearsay. Although the check is a self-authenticating document, the notation on the check is a statement made out of court offered to prove the truth of the matter asserted. As such, it was properly excluded as hearsay. *See Mike Persia Chevrolet, Inc. v. Blanco*, 462 S.W.2d 331, 333 (Tex. App.—Houston [14th Dist.] 1970, writ ref's n.r.e.).

Having determined the trial court did not abuse its discretion in striking the Hurts' evidence other than the three checks submitted as exhibit A, we turn to whether the trial court properly granted the Goswamis' motion for no-evidence summary judgment.

The Hurts contend in their second issue that the Goswamis' motion for no-evidence summary judgment was unclear about which elements of their claim were being challenged. A no-evidence motion that "fails to state the specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law." *Jose Fuentes Co., Inc. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. denied). The Goswamis' motion for no-evidence summary judgment listed the following elements of the Hurts' cause of action: (1) there is a landlord-tenant relationship between the parties; (2) there is a condition that materially affects the physical health or safety of an ordinary tenant; (3) the condition was either (i) caused by ordinary wear or tear or (ii) not caused by the tenant; (4) the tenant gave the landlord notice to repair; (5) the tenant was not delinquent in paying rent when the notice of the condition was given; and (6) the landlord had a reasonable time to repair or remedy the condition, but did not make a reasonable effort. *See Hamaker v. Newman*, No. 02-19-00405-CV, 2022 WL 714554, at *12 (Tex. App.—Fort Worth Mar. 10, 2022, not pet.) (mem. op.) (citing TEX. PROP. CODE ANN. §§ 92.052, .056(b)). The motion

–17–

went on to assert that the Hurts had no evidence to satisfy elements (2), (3), (4), (5), or (6).[5]  This was sufficient to inform the Hurts of the specific elements of their claim being challenged.  *See Alfaro*, 418 S.W.3d at 284 (there is no limit to the number of elements that may be challenged in a no-evidence motion) (citing *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 861 (Tex. App.—Dallas 2005, no pet.).

A no-evidence summary judgment will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).  The admissible evidence before the court – the three checks – was not, standing alone, sufficient to show the Hurts were not delinquent in their rent when they notified the Goswamis of the alleged condition requiring repair.  Nor were the checks relevant to any of the other elements challenged by the Goswamis.  Because there was no admissible evidence to create a

---

[5] The tenant has the burden of proof in a judicial action to enforce a right resulting from the landlord's failure to repair or remedy a condition except that "if the landlord does not provide a written explanation for delay in performing a duty to repair or remedy on or before the fifth day after receiving from the tenant a written demand for an explanation, the landlord has the burden of proving that he made a diligent effort to repair and that a reasonable time for repair did not elapse."  TEX. PROP. CODE ANN. § 92.053; *Phila. Indem. Ins. Co., v. White*, 490 S.W.3d 468, 486-87 (Tex. 2016).  The Hurts do not identify any admissible summary judgment evidence that would have shifted the burden to the Goswamis on the issue of reasonable time for repair and diligence.

fact issue on any of the challenged elements of the Hurts' claim, we conclude the trial court properly granted the no-evidence summary judgment.

## IV. Traditional Summary Judgment

The Goswamis moved for a traditional summary judgment on the Hurts' retaliation claim and their counterclaim for breach of the lease agreement. To show entitlement to summary judgment on their claim for breach of the lease, the Goswamis were required to establish that no material fact issues existed, and conclusively prove all elements of their cause of action as a matter of law. *Ziemian v. TX Arlington Oaks Apartments, Ltd.*, 233 S.W.3d 548, 554 (Tex. App.—Dallas 2007, no pet.). To be entitled to summary judgment of the Hurts' retaliation claim, the Goswamis were required to disprove at least one essential element of the Hurts' cause of action or conclusively establish each element of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). In deciding whether there is a material fact issue precluding summary judgment, evidence favorable to the nonmovant is taken as true, every reasonable inference is indulged in the nonmovant's favor, and any doubts are resolved in favor of the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). We review the summary judgment record for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Ziemian*, 233 S.W.3d at 554.

## A. Breach of Lease

The Goswamis asserted in their motion for summary judgment that the Hurts violated specific provisions of their lease agreement by (1) failing to allow the Goswamis' authorized agents to complete repairs to the property, (2) failing to maintain the property, (3) allowing additional pets on the property without written authorization, (4) failing to pay rent and late fees from September 2020 through May 2021, (5) causing extensive damage to the property, (6) making repairs and "improvements" to the bathrooms without written authorization, and (7) failing to return the property to the Goswamis in the condition it was received, excluding normal wear and tear, at the end of the lease. The Goswamis sought to recover $32,146.79 in repair costs, $32,000 in rent and late fees, and $10,125.52 in attorney's fees. As summary judgment evidence, the Goswami's submitted affidavits by Amalendu and Harsha Goswami setting forth the relevant facts and authenticating exhibits including, (1) copies of the lease agreement, (2) pictures of the property taken shortly after the Hurts vacated, (3) copies of receipts for materials and services paid for by the Goswamis in connection with repairs made to the property, and (4) copies of messages and emails to and from the Hurts. The Goswamis also submitted an affidavit of their attorney in support of their request for fees along with a copy of his billing records.

The Hurts argue for the first time on appeal that the trial court did not have subject matter jurisdiction over the Goswamis' claim for damages to the property because the Goswamis lack standing to assert the claim. The Hurts rely on section 92.109 of the Texas Property Code which states that "[a] landlord who in bad faith does not provide a written description and itemized list of damages and charges . . . forfeits the right to withhold any portion of the security deposit or to bring suit against the tenant for damages to the premises." TEX. PROP. CODE ANN. § 92.109. These types of extra-constitutional restrictions on the right of a plaintiff to bring a particular lawsuit do not implicate standing in the jurisdictional sense. *McLane Champions, LLC v. Hous. Baseball Partners LLC*, 671 S.W.3d 907, 913 (Tex. 2023). Accordingly, the trial court had jurisdiction over this cause of action. *See id*.

The Hurts also contend the trial court erred in considering the Goswamis' summary judgment evidence because the exhibits were not turned over during discovery and their attorney was not designated as an expert. Although the Hurts asserted in their response to the motion for summary judgment that the Goswamis had only provided "a minute portion of what was asked for" in discovery, they did not object to any of the exhibits submitted as summary judgment evidence. Accordingly, the Hurts failed to preserve this issue for review. *See Trinh v. Campero*, 372 S.W.3d 741, 744–45 (Tex. App.—El Paso 2012, no pet.); *Kheir v.*

*Progressive Cnty. Mut. Ins. Co.*, No. 14-04-00694-CV, 2006 WL 1594031, at *8 (Tex. App.—Houston [14th Dist.] June 13, 2006, pet. denied) (mem. op.).

The Hurts contend the Goswamis' evidence is insufficient to show either their obligation to maintain the property or that they were the proximate cause of any of the alleged damages to the house. The Hurts' obligations to maintain the property were set forth in the lease agreement. Among other things, the lease required the Hurts to "surrender the Property in the same condition as when received, normal wear and tear excepted." The Goswamis testified they inspected the property soon after the Hurts moved out and found "it was in terrible condition." Photographs showed damage to various parts of the house.

With respect to proximate cause, it is undisputed the Hurts had control of the property until May 31, 2021, and the Goswamis inspected the property shortly after they moved out. Proximate cause may be established by circumstantial evidence and absolute certainty is not required. *Forrest v. Vital Earth Res.*, 120 S.W.3d 480, 490 (Tex. App.—Texarkana 2003, pet. denied). The Goswamis were not required to eliminate every other possible source of the damage, but only prove a causal connection beyond the point of conjecture or mere possibility. *Id*. The Hurts' sole control of the property until shortly before it was inspected is sufficient to show they were responsible for the condition of the home at the time the Goswamis determined

–22–

the property was damaged beyond normal wear and tear. The Hurts do not identify any summary judgment evidence that would raise a fact issue on their liability.

The Hurts also argue there was "legally and factually insufficient evidence to support the need to acquire new tools, expensive backsplash, paint equipment for a company to come in and paint the property, or any of the other claims for damage to the property." A party seeking to recover the cost of repairing property must prove the reasonable value of the repairs. *Foxx v. DeRobbio*, 224 S.W.3d 263, 268 (Tex. App.—El Paso 2005, no pet.). "[M]ere proof of amounts charged or paid does not raise an issue of reasonableness and such amounts ordinarily cannot be recovered without showing the charges were reasonable." *Id*. The reasonableness and necessity of repair costs are issues that generally require expert testimony. *Paschal v. Engle*, 03-16-00043-CV, 2016 WL 4506298, at *2 (Tex. App.—Austin 2016, no pet.) (mem. op.).

As proof of damages, the Goswamis submitted only their own affidavit testimony and receipts showing the amounts they paid. The Goswamis did not purport to be experts and there was no testimony or documentary evidence submitted to show the reasonableness or necessity of the amounts they sought to recover. We conclude, therefore, the trial court erred in awarding those damages to the Goswamis on summary judgment. *See Foxx*, 224 S.W.3d at 268. Because we have determined the trial court properly granted summary judgment on the issue of the Hurts' liability

for the property damage, we reverse only the award of $32,146.79 in damages for the cost of repairs. *See* Tex. R. Civ. P. 166a(a) (summary judgment may be rendered on liability although there is genuine issue as to amount of damages).

Although the Goswamis' claim for unpaid rent and late fees was pleaded as part of their single claim for breach of the lease, it was a separate breach with separate damages claimed and proven. In support of this claim, the Goswamis submitted affidavit testimony that the Hurts failed to pay rent for the period of September 1, 2020 through May 31, 2021. They acknowledged that the rent payments for September and October 2020 were mistakenly returned to the Hurts and, because of this, they did not seek to recover late payments for those two months. They stated the remaining rent payments were never tendered.

The Hurts do not dispute they remained in the house until May 31, 2021. They appear to argue the two improperly rejected rent payments relieved them of their obligation to pay rent despite continuing to live in the house. They provide no analysis and cite no authority for this proposition. The argument is, therefore, waived. *See Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.)

The Hurts also suggest the fact that the Goswamis did not receive the rent payments is not proof the checks were not tendered because the Goswamis acknowledged their lawyer returned one of the checks before it was turned over to them. But absent any evidence the checks were sent, which the Hurts did not

–24–

provide, we conclude there is nothing to create a fact issue on the Hurts' failure to make rent payments. We affirm the trial court's summary judgment on the Goswamis' claim for breach of the lease to the extent it awards them unpaid rent and late fees in the amount of $32,000.

**B. Retaliatory Eviction**

The Goswamis also moved for a traditional summary judgment on the Hurts' claim for retaliatory eviction. The Hurts contend in their fourth issue that the Justice Court Precinct 3 has dominant jurisdiction over this claim which precludes the County Court at Law from rendering judgment on it. Although the Goswamis nonsuited their claims in Justice Court Precinct 3, the Hurts' counterclaim for retaliatory eviction remained pending in that court. The Hurts did not raise the issue of dominant jurisdiction in response to the Goswamis' motion for summary judgment on the retaliation claim. Instead, the Hurts asked the court to deny the motion on the merits and filed their own motion for summary judgment on the retaliation claim. A party's conduct may estop them from asserting dominant jurisdiction in another court. *See Howell v. Mauzy*, 899 S.W.2d 690, 698 (Tex. App.—Austin 1994, writ denied). Because the Hurts sought to have the merits of their retaliatory eviction claim decided in the trial court below, we conclude they have waived the issue of dominant jurisdiction. *See id.*; *Roark v. Stallworth Oil and*

*Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991) (claim may be tried by consent in summary judgment context).

The Goswamis moved for summary judgment on the retaliation claim under section 92.332(b)(3) of the Texas Property Code. Under section 92.332(b)(3), an eviction based on a tenant's material breach of the lease is not retaliatory as a matter of law. *See* TEX. PROP. CODE ANN. § 92.332(b)(3). The Goswamis argued the eviction action was based on material breaches of the lease including the Hurts' refusal to allow the Goswamis' authorized agents access to the property to make repairs. In support of this assertion the Goswamis submitted an authenticated copy of the lease, affidavit testimony showing that John Hurt asked the Goswamis' contractors to leave the premises and later refused to allow the workers access to the house, and authenticated messages from John showing his dissatisfaction with the repair work being done by the Goswamis and his intent to hire his own workers.

Other than their general challenge to the admissibility of the Goswamis' summary judgment evidence discussed above, the only evidence relevant to the retaliation claim specifically challenged by the Hurts on appeal is one statement in Harsha Goswami's affidavit that "On August 17, 2020, we were informed that the Hurts would not allow access to the home." The Hurts argue this statement is "outside her personal knowledge and unsubstantiated." Even assuming this statement was improperly admitted, it was cumulative of substantially similar

unchallenged testimony by Amalendu Goswami. Therefore, any error in admitting the statement was harmless. *See State v. Dawmar Partners, Ltd.*, 267 S.W.3d 875, 881 (Tex. 2008).

The Hurts present no other arguments on appeal challenging the sufficiency of the evidence to support the trial court's summary judgment on the retaliation claim. They also do not identify any evidence that would raise a genuine issue of material fact on this cause of action. We conclude, therefore, the Hurts have failed to demonstrate the trial court erred in granting summary judgment against them on their claim for retaliatory eviction.

## Conclusion

Based on the foregoing, we reverse the portion of the trial court's traditional summary judgment awarding the Goswamis $32,146.79 for repairs to the leased property and remand that damages issue for further proceedings. Because further proceedings are necessary, we also reverse and remand the award of attorney's fees for recalculation. *See* TEX. R. APP. P. 44.1(b). We affirm the judgments in all other respects.

/Amanda L. Reichek/
_____
AMANDA L. REICHEK
220389F.P05                          JUSTICE

–27–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN HURT AND LESLEA HURT,
Appellants

No. 05-22-00389-CV        V.

AMALENDU GOSWAMI AND
HARSHA GOSWAMI, Appellees

On Appeal from the County Court at
Law No. 3, Collin County, Texas
Trial Court Cause No. 003-02059-
2020.
Opinion delivered by Justice
Reichek. Justices Molberg and Smith
participating.

In accordance with this Court's opinion of this date, the judgments of the trial court are **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portions of the trial court's traditional summary judgment awarding AMALENDU GOSWAMI and HARSHA GOSWAMI $32,146.79 in repair costs and their attorney's fees. In all other respects, the trial court's judgments are **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 6, 2024