In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00177-CV
______________________________


RODNEY FORREST, Appellant
 
V.
 
VITAL EARTH RESOURCES, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 2000-2697-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Rodney Forrest was injured while in the employment of Vital Earth Resources. He
sued his employer, alleging several acts and omissions by which he contends Vital Earth
was negligent. Vital Earth moved for summary judgment on two grounds. The trial court
granted the motion on only one ground. Forrest appeals, and Vital Earth brings a cross-appeal. 
          Forrest's injuries occurred September 29, 1997, when he slipped and fell from a
ladder attached to a trailer provided by Vital Earth. Vital Earth is a nonsubscriber to
workers' compensation insurance and had implemented an Occupational Injury Benefit
Program under ERISA as the exclusive source of company paid benefits. Forrest received
benefits under the plan for medical care and wage replacement for two years after the
accident. On July 26, 2000, after the benefits under the plan were terminated, Forrest filed
suit against Vital Earth. The acts and omissions by which Forrest contended Vital Earth
was negligent included failure to maintain a safe workplace, failure to properly inspect
equipment, and failure to provide safe equipment. Vital Earth moved for summary
judgment on the grounds that Forrest's claims were barred by the two-year statute of
limitations


 and that there was no evidence Vital Earth breached any duty to Forrest that
proximately caused his injuries. 
          Forrest pled in an amended pleading, and contended in his response to the motion
for summary judgment, that Vital Earth was estopped from asserting the two-year statute
of limitations as a defense because of the following affirmative representation contained
in Vital Earth's Occupational Injury Benefit Plan summary:
Legal Actions: No legal action may be taken against the Company:
 
          (1)      before 60 days following the date proof of loss is sent to the Company; or
 
          (2)      after three years following the date proof of loss is due.

Forrest contended this representation in the summary of ERISA benefits acted to extend
the statute of limitations period for personal injury claims to three years. He also produced
his own affidavit stating he considered filing suit within the two-year statute, but did not do
so in reliance on the above representation. Alternatively, he argued that, if the provision
did not clearly extend the statute of limitations, the document was ambiguous and should
be construed against Vital Earth. Forrest also answered the no-evidence motion for
summary judgment with deposition testimony that the ladder was unsafe due to a slick
surface and an improper foot clearance between the ladder and the side of the trailer and,
therefore, Vital Earth was negligent in failing to provide a safe workplace and in breaching
its duty to inspect for safety. 
          The trial court granted the motion for summary judgment on the sole ground that the
statute of limitations had expired before Forrest filed suit. 
          Forrest contends in this appeal Vital Earth waived the two-year statute of limitations. 
Vital Earth contends in its cross-appeal that, in addition to granting its motion for summary
judgment based on limitations, the trial court should have granted its motion based on no
evidence that any failure by Vital Earth to provide a safe workplace was the proximate
cause of Forrest's injuries and damages. 
          We cannot address Forrest's claim that Vital Earth waived the two-year statute of
limitations, because this contention was raised for the first time on appeal. In Forrest's
amended pleadings, and in his response to the motion for summary judgment, he
contended Vital Earth was estopped from asserting the statute of limitations. He
contended that Vital Earth made an affirmative representation that a three-year statute of
limitations period applied and that he relied on that representation. 
          Waiver and estoppel are distinct, separate theories, and contentions based on one 
cannot be construed as contentions based on the other. Waiver and estoppel are listed
separately in the Texas Rules of Civil Procedure (Tex. R. Civ. P. 94) and have been
distinguished since the early common law. The court in Reliance Ins. Co. v. Dalton, 178
S.W. 966, 970 (Tex. Civ. App.‒Austin 1915, writ ref'd), noted the differences between the
two doctrines: 
Waiver is the voluntary surrender of a right, estoppel is the inhibition to
assert it from the mischief that has followed. Waiver involves both
knowledge and intention, and estoppel may arise where there is no intent to
mislead; waiver depends upon what one himself intends to do, estoppel
depends upon what he caused his adversary to do; waiver involves the acts
and conduct of only one of the parties, estoppel involves the conduct of both. 
A waiver does not necessarily imply that one has been misled to his
prejudice or into an altered position, an estoppel involves this element. 
Estoppel results from an act which may operate to the injury of the other
party, waiver may affect the opposite party beneficially. Estoppel may carry
the implication of fraud, waiver does not.
     
Id.
          The scope of review in an appeal from a summary judgment is necessarily limited. 
It is well recognized that a motion for summary judgment must expressly state the grounds
on which it is made and will stand or fall on those grounds alone. See McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 339 (Tex. 1993). Likewise, the answer or
response to the motion must set forth the grounds on which the nonmovant relies to defeat
the motion. Issues not expressly and timely presented by written answer or response may
not be considered on appeal as grounds for reversal. See Tex. R. Civ. P. 166a(c); see also
Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996); Abbott Labs., Inc. v.
Segura, 907 S.W.2d 503, 507 (Tex. 1995) (Cornyn, J., concurring); City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979). Therefore, the nonmovant
must, in a written answer or response to the motion, expressly present to the trial court
those issues that would defeat the movant's right to a summary judgment, and failing to do
so, may not later assign them as error on appeal. Clear Creek Basin Auth., 589 S.W.2d
at 679. None of Forrest's arguments to the trial court could be construed as arguments
based on waiver. He, therefore, has not preserved waiver as a basis to support his appeal. 
          Forrest's arguments to the trial court on estoppel, however, were adequately raised
on appeal, and in order to obtain a just, fair, and equitable adjudication of the rights of the
litigants, we will consider Forrest's estoppel argument. 
          Where complained-of error is readily apparent from the argument briefed, an
appellate court can consider it. Pool v. Ford Motor Co., 715 S.W.2d 629, 632-33 (Tex.
1986). The practice is to liberally construe the points of error in order to obtain a just, fair,
and equitable adjudication of the rights of the litigants. Holley v. Watts, 629 S.W.2d 694,
696 (Tex. 1982). An appellate court looks "not only at the wording of the points of error,
but to the argument under each point to determine as best we can the intent of the party." 
Id. Forrest raised the estoppel theory in his response to Vital Earth's motion for summary
judgment, and we can fairly say he also included that argument on appeal. While the
wording of Forrest's point of error on appeal states that "THE TRIAL COURT ERRED IN
GRANTING SUMMARY JUDGMENT AS THE DEFENDANT WAIVED THE TWO YEAR
STATUTE OF LIMITATIONS," the discussion under that point of error argues the theory
of estoppel. Forrest contends in his argument that the Benefit Plan summary was an
affirmative representation that a three-year statute of limitations applied and that he relied
on that representation when he withheld filing suit until nearly three years from the date of
his injuries. Arguments regarding affirmative representations and reliance on those
representations is clearly an argument on estoppel, not waiver. 
          The whole purpose for a point of error is obviously to notify not only the court, but
the appellee of that of which the appellant is specifically complaining in order to give the
appellee a fair opportunity to respond and notify the court of what appellate standards
apply. S & A Rest. Corp. v. Leal, 883 S.W.2d 221, 227 (Tex. App.‒San Antonio 1994),
rev'd & remanded on other grounds, 892 S.W.2d 855 (Tex. 1995). We cannot say Vital
Earth was not given fair notice of estoppel from Forrest's brief to this Court and from
Forrest's amended pleadings and response to the motion for summary judgment in the trial
court. In the interest of a just, fair, and equitable adjudication of the rights of the litigants,
this Court will consider Forrest's argument that Vital Earth is estopped from asserting the
two-year limitations period provided for in the statute. See Roberts v. City of Haltom City,
543 S.W.2d 75, 77 (Tex. 1976) (finding by Texas Supreme Court that summary judgment
for moving party must be reversed if evidence raised genuine fact issue as to estoppel,
regardless of nonmoving parties' failure to specifically plead the theory). 
          Summary judgment is proper only when the movant establishes that no issue of
material fact exists. Villages of Greenbriar v. Torres, 874 S.W.2d 259, 261-62 (Tex.
App.‒Houston [14th Dist.] 1994, writ denied). When summary judgment is sought on the
ground of limitations, the movant bears the burden to establish the bar of limitations. Zale
Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975); Villages of Greenbriar, 874
S.W.2d at 262.
          When the face of a motion for summary judgment shows the action is barred by
limitations, the nonmovant bears the burden of producing summary judgment evidence
sufficient to raise a fact issue on the affirmative defense of estoppel. Cook v. Smith, 673
S.W.2d 232, 235 (Tex. App.‒Dallas 1984, writ ref'd n.r.e.); see also Gifford v. Bank of the
Southwest, 712 S.W.2d 182, 184 (Tex. App.‒Houston [14th Dist.] 1986, no writ). A plaintiff
may invoke equitable estoppel to prevent an opponent from pleading limitations if the
opponent, his or her agent, or representatives make representations that induce the
plaintiff to delay filing suit within the applicable limitations period. Cook, 673 S.W.2d at
235. 
          To avoid summary judgment, the nonmovant must produce summary judgment
evidence sufficient to raise a fact issue on each element of the affirmative defense.
Villages of Greenbriar, 874 S.W.2d at 262-63. On a claim of equitable estoppel, the
nonmovant must raise a fact issue of: (1) a false representation or concealment of a
material fact; (2) the representation was made with knowledge or the means of knowledge
of the true facts; (3) the representation was made to a party without knowledge or the
means of knowledge of the true facts; (4) the representation was made with the intention
that it would be acted on; and (5) the party to whom the representation was made relied
on or acted on it to his or her prejudice. Id. at 264; Cook, 673 S.W.2d at 235. When
equitable estoppel is alleged in avoidance of a limitations defense, the failure to file suit
must be "unmixed" with any want of diligence on the plaintiff's part. Leonard v. Eskew, 731
S.W.2d 124, 129 (Tex. App.‒Austin 1987, writ ref'd n.r.e.); Jim Walter Homes, Inc. v. Mora,
622 S.W.2d 878, 880 (Tex. App.‒Corpus Christi 1981, no writ). If the nonmovant does not
raise a fact issue as to every element of the defense, summary judgment is proper. Cook,
673 S.W.2d at 235. 
          In the context of this suit, because it appeared on the face of Vital Earth's motion
for summary judgment that suit against it was barred by the limitations period set forth in
Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002), the burden was on Forrest,
the nonmovant, to produce summary judgment evidence sufficient to raise a fact issue on
estoppel in avoidance of the affirmative defense of limitations. See Whatley v. Nat'l Bank
of Commerce, 555 S.W.2d 500, 503 (Tex. Civ. App.‒Dallas 1977, no writ). We find that
Forrest did raise a fact issue as to equitable estoppel and that summary judgment on the
ground of statute of limitations was therefore improper. 
          Forrest presented sufficient evidence to raise a fact issue as to whether Vital Earth
represented to its employees that the limitations period to file suit against it for personal
injury was three years, not the two years provided for in the statute. The cases finding
equitable estoppel are cases that involve promises by a defendant, which are not intended
to be fulfilled, but instead are intended to induce the plaintiff to delay filing of the suit until
after limitations has run. In Frank v. Bradshaw, 920 S.W.2d 699 (Tex. App.‒Houston [1st
Dist.] 1996, no writ), an insurance adjuster allegedly made representations to Frank, the
victim of a motor vehicle accident, that there was no time problem with regard to her claim
and that, after treatment was finished and all of her medical bills were received, he would
pay her claim. After the insurance adjuster had received several medical bills from Frank,
he sent a letter informing Frank that the statute of limitations had passed and he would not
pay any more claims or expenses. Id. The court found these representations by the
insurance adjuster were sufficient to create a question of fact on equitable estoppel and
to avoid summary judgment. Id.; see also Mandola v. Mariotti, 557 S.W.2d 350, 352 (Tex.
Civ. App.‒Houston [1st Dist.] 1977, writ ref'd n.r.e.) (finding that issue of estoppel raised
where insurance adjuster advised claimant she did not need attorney because insurance
company would take care of her damages and assured her periodically company would
take care of her damages); Cook, 673 S.W.2d at 235 (finding that, when insurance
adjuster told claimant her medical bills would be paid, fact issue raised as to whether
adjuster falsely made those statements to induce delay in filing suit). 
          In this case, Forrest contends he relied on the representation contained in the
Benefit Plan summary that "[n]o legal action may be taken against the Company . . . after
three years following the date proof of loss is due," when he delayed filing suit until nearly
three years after his injuries. Vital Earth contends this provision does not reference
negligence, personal injury, or liability claims against it, but merely reflects the time
limitations within which a legal action for benefits under ERISA can be made. The
representation contained in the Benefit Plan summary was given to Forrest in connection
with his rights and benefits under ERISA, but it specifically provided that:
This booklet explains those benefits and the procedures you must follow in
the event that you sustain an on-the-job Injury. In general terms, this means
an Injury which occurs in the course and scope of employment with the
Company.
 
          The Benefit Plan summary, therefore, specifically provided that it governed the
procedures to be followed by employees in dealing with any on-the-job injury. In those
procedures, it affirmatively provided that no claim could be brought by an employee to
pursue legal action against the company after three years. This Benefit Plan summary, in
effect, represented that a three-year limitations period governed claims against the
Company, not the two-year limitations period provided for in the statute. In this case, as
in Frank, Vital Earth represented to Forrest there was no time problem with regard to
claims for his on-the-job injuries until three years had passed, but when Forrest filed his
suit after two years, Vital Earth raised the two-year limitations period provided for in the
statute. 
          We hold that a company should not be able to represent to its employees they have
three years in which to bring legal action against it for injuries sustained on the job and
then subsequently claim the statutory two-year limitations period as a bar to their claims. 
Forrest provided evidence he relied on the three-year limitations period provided for in the
Benefit Plan summary. In Forrest's affidavit attached to his response to the motion for
summary judgment, he stated he had considered filing suit against Vital Earth before the
expiration of the two-year statute of limitations, but chose not to do so in reliance on the
Benefit Plan summary. Vital Earth points to deposition testimony which tends to show
Forrest did not consider filing suit within two years and therefore could not have relied on
the representation. In considering all the evidence in the light most favorable to the
nonmoving party, Forrest has provided sufficient evidence through his affidavit to raise a
fact issue on whether he relied on the representation. A fact issue has, therefore, been
raised on estoppel, and the trial court's summary judgment in favor of Vital Earth on the
statute of limitations ground is reversed.
          Vital Earth brings a conditional cross-point of error complaining of the trial court's
failure to grant summary judgment on lack of proximate cause. Vital Earth complains that,
in addition to the statute of limitations ground, it was also entitled to a no-evidence
summary judgment because Forrest failed to produce evidence that any breach by it to
provide a safe workplace was the proximate cause of Forrest's injuries and damages. 
          When reviewing a summary judgment, a court of appeals should consider all
summary judgment grounds on which the trial court rules, and on which the movant
preserves for appellate review, that are necessary for final disposition of the appeal. 
Cates, 927 S.W.2d at 626. An appellate court may also consider, in the interest of judicial
economy, other grounds the movant preserved for review and on which the trial court did
not rule. Id. We will consider Vital Earth's cross-appeal in the interest of judicial economy. 
          A no-evidence summary judgment is essentially a pretrial directed verdict. We
therefore apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. McCombs v. Children's Med. Ctr.,
1 S.W.3d 256, 258-59 (Tex. App.‒Texarkana 1999, pet. denied); Jackson v. Fiesta Mart,
Inc., 979 S.W.2d 68, 70 (Tex. App.‒Austin 1998, no pet.). 
A no evidence point will be sustained when (a) there is a complete absence
of evidence of a vital fact, (b) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact,
(c) the evidence offered to prove a vital fact is no more than a mere scintilla,
or (d) the evidence conclusively establishes the opposite of the vital fact.

Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). We must
therefore determine whether the nonmovant produced any evidence of probative force to
raise a fact issue on the material questions presented. Woodruff v. Wright, 51 S.W.3d 727,
734 (Tex. App.‒Texarkana 2001, pet. denied); McCombs, 1 S.W.3d at 259; Jackson, 979
S.W.2d at 70. In so doing, we consider all the evidence in the light most favorable to the
party against whom the no-evidence summary judgment was rendered, disregarding all
contrary evidence and inferences. Havner, 953 S.W.2d at 711. More than a scintilla of
evidence exists when the evidence "rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions." Id.
          Because Vital Earth is a workers' compensation nonsubscriber, Forrest must
establish negligence by Vital Earth in order to recover. Sears, Roebuck & Co. v. Robinson,
154 Tex. 336, 280 S.W.2d 238, 239 (1955). To establish negligence, evidence must be
produced to establish a duty, a breach of that duty, and damages proximately caused by
the breach. El Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987). It is a primary,
continuing, and nondelegable duty of the employer to provide a safe place and safe
conditions in which employees may work. Cabrera v. Delta Brands, Inc., 538 S.W.2d 795,
797 (Tex. Civ. App.‒Texarkana 1976, writ ref'd n.r.e.). The employer has a duty to furnish
the employee with safe and suitable appliances so that he or she may carry on the work
with reasonable safety. Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397,
401 (1934), overruled on other grounds, Wright v. Gifford-Hill & Co., 725 S.W.2d 712 (Tex.
1987); Peck v. Peck, 99 Tex. 10, 87 S.W. 248, 249 (1905); Prunty v. Bland, 454 S.W.2d
881, 884 (Tex. Civ. App.‒Houston [1st Dist.] 1970, writ ref'd n.r.e.). Vital Earth is not
afforded the common-law defenses of contributory negligence, assumption of the risk, or
negligence of a fellow servant because of its nonsubscriber status. See Tex. Lab. Code
Ann. § 406.033(a) (Vernon Supp. 2003); Kroger Co. v. Keng, 23 S.W.3d 347, 350 (Tex.
2000). The only defenses available to Vital Earth is to show that it was not guilty of
negligence proximately causing the injuries, or that Forrest himself was guilty of some act
which was the sole proximate cause of the injuries. See Robinson, 280 S.W.2d at 239. 
          Forrest contends Vital Earth was negligent and breached its duty to provide a safe
place to work by providing him with an unsafe ladder and by failing to inspect that ladder
for safety. Forrest produced summary judgment evidence there were two problems with
the ladder attached to the trailer that made it unsafe: (1) there was not enough depth
between the rungs of the ladder and the body of the trailer; and (2) the ladder had only a
painted surface, which made it slick. Forrest also presented evidence that no one at Vital
Earth inspected the trailer before or after its purchase and, therefore, by providing the
unsafe ladder without inspecting it, Vital Earth negligently caused his injuries. 
          Vital Earth contends this evidence fails to show proximate cause. Proximate cause,
however, like any other ultimate fact issue, may be established by circumstantial evidence. 
Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 275-76 (1958). Whether a particular act
of negligence is a proximate cause of an injury is ordinarily a question for the jury. Clark
v. Waggoner, 452 S.W.2d 437, 440 (Tex. 1970). 
          Proximate cause consists of both cause in fact and foreseeability. Purina Mills, Inc.
v. Odell, 948 S.W.2d 927, 935 (Tex. App.‒Texarkana 1997, writ denied). Cause in fact
means the defendant's act or omission was a substantial factor in bringing about the injury,
which would not otherwise have occurred. Union Pump Co. v. Allbritton, 898 S.W.2d 773,
775 (Tex. 1995). Foreseeability requires that the actor, as a person of ordinary
intelligence, would have anticipated the danger that the actor's negligent act created for
others. City of Gladewater v. Pike, 727 S.W.2d 514, 517 (Tex. 1987). The cause in fact
element of proximate cause is met when there is some evidence the act or omission was
a substantial factor in bringing about injury, without which the harm would not have
occurred. Read v. Scott Fetzer Co., 990 S.W.2d 732, 737 (Tex. 1998). Foreseeability, in
the context of causation, asks whether an injury might reasonably have been contemplated
because of the defendant's conduct. Id. at 737. Foreseeability does not permit simply
viewing the facts in retrospect and theorizing an extraordinary sequence of events by which
the defendant's conduct caused the injury. Id. Rather, the question "involves a practical
inquiry based on 'common experience applied to human conduct.'" Id. Foreseeability
requires only that the general danger, not the exact sequence of events that produced the
harm, be foreseeable. Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996), citing Lofton
v. Texas Brine Corp., 777 S.W.2d 384, 387 (Tex. 1989).
          Vital Earth contends that no evidence was provided to establish cause in fact
because Forrest provided no evidence that a nonslip surface, or a different distance
between the ladder and the trailer, would have prevented his fall. Establishing causation
requires that the plaintiff bring forth sufficient facts so the evidence, and its logical
inferences, support the reasonable probability the defendant's acts or omissions were a
substantial factor in bringing about injury. See Allbritton, 898 S.W.2d at 775; Haynes &
Boone v. Bowser Bouldin, Ltd., 896 S.W.2d 179, 181 (Tex. 1995); Ramo, Inc. v. English,
500 S.W.2d 461, 467 (Tex. 1973); Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792,
796-97 (1951). Causation must be based on a reasonable probability, rather than mere
possibility. Restatement (Second) of Torts § 431 cmts. a, b (1965). Absolute certainty,
however, is not required. McMillen Feeds, Inc. v. Harlow, 405 S.W.2d 123, 130 (Tex. Civ.
App.‒Austin 1966, writ ref'd n.r.e). Nor must the plaintiff exclude every other possibility. 
Cmty. Pub. Serv. Co. v. Dugger, 430 S.W.2d 713, 719 (Tex. Civ. App.‒Texarkana 1968,
no writ); McMillen Feeds, Inc., 405 S.W.2d at 130. All that is required is proof of a causal
connection beyond the point of conjecture or mere possibility. Lenger v. Physician's Gen.
Hosp., 455 S.W.2d 703, 706 (Tex. 1970). 
          Forrest was not required to negate every other possibility for his injuries, and
evidence the ladder had a slick surface and an improper clearance between it and the
trailer was proof the ladder's unsafe condition was the cause of his fall beyond the point
of conjecture or mere possibility. The cause in fact element was met because Forrest's
summary judgment evidence was some evidence that Vital Earth's failure to provide safe
equipment, and to properly inspect the equipment it provided, were substantial factors in
bringing about injury, without which the harm would not have occurred. 
          Vital Earth contends Forrest was required to produce expert testimony to establish
cause in fact. In Leitch v. Hornsby, 935 S.W.2d 114, 119 (Tex. 1996), the Texas Supreme
Court found that, in the absence of medical testimony linking the alleged negligence to the
injury, a claimant must provide probative evidence, through expert testimony, connecting
the injury to the alleged negligence. The court found that whether proper lifting equipment
would have prevented the employee's lifting injury was not a matter of general experience,
and therefore lay opinion testimony was not sufficient to raise a fact issue. Id. However,
lay opinion is adequate to prove causation where general experience and common sense
enable a layperson to determine, with reasonable probability, the causal relationship
between the event and the condition. Tex. R. Evid. 701; Morgan v. Compugraphic Corp.,
675 S.W.2d 729, 733 (Tex. 1984); Odell, 948 S.W.2d at 939; see Baylor Med. Plaza Servs.
Corp. v. Kidd, 834 S.W.2d 69, 75-76 (Tex. App.‒Texarkana 1992, writ denied).
          That the addition of a nonslip surface on a ladder, with a proper foot clearance,
would prevent a person from slipping on such ladder is established as a matter of general
experience, not requiring expert testimony. The evidence of a slick surface and an
improper distance between the ladder and the trailer is, therefore, sufficient evidence to
raise a fact issue on cause in fact. 
          The general danger of falling from a slick ladder with an inadequate rung clearance
was also foreseeable to Vital Earth. Where there is reason to anticipate from work to be
performed, and the manner of performance, that injury may result to an employee, it is
incumbent on the employer to exercise ordinary care to prevent injury. Collins v. Pecos
& N.T. Ry. Co., 110 Tex. 577, 212 S.W. 477, 478 (1919); Woodlawn Mfg., Inc. v.
Robinson, 937 S.W.2d 544, 548 (Tex. App.‒Texarkana 1996, writ denied). Forrest's
injuries were foreseeable, and there was reason to anticipate from his assigned work that
injuries may result. Foreseeability requires only that the general danger, not the exact
sequence of events producing the harm, be foreseeable. Walker, 924 S.W.2d at 377. The
general danger of falling from a ladder with a slick surface and improper clearance is
foreseeable. There was reason to anticipate Forrest would use the ladder in his duties
loading the trailer, and it was incumbent on Vital Earth to provide a safe ladder and to
inspect that ladder to prevent injury. 
          Vital Earth contends Forrest's admission that he did not foresee a problem with the
distance of the rungs or the painted surface until after his fall is evidence the injury could
not have been foreseeable to Vital Earth. Vital Earth cites J. Weingarten, Inc. v. Sandefer,
490 S.W.2d 941, 945 (Tex. Civ. App.‒Beaumont 1973, writ ref'd n.r.e.), for the proposition
that, if an employee cannot foresee the possibility of injury, then it cannot be said there is
any reasonable inference the employer should foresee the possibility of injury. While in
some circumstances, such as in Weingarten, this proposition rings true, in this case it does
not. In Weingarten, an employee was injured while stocking two drinking glasses on a
shelf near the floor when her knee "popped" and she sustained a knee injury. Id. at 943. 
The court noted the employee had been performing stocking tasks for years, and knew the
requirements of her job and her own strength better than anyone. Id. at 945. The
employee did not perceive any reason to call for assistance and, therefore, she could not
show that her employer should have seen the necessity for assistance. Id. Likewise, in
a series of cases dealing with injuries in lifting objects,


 which the Weingarten court cites,
the courts rely on the holding from W. Union Tel. Co. v. Coker, 146 Tex. 190, 204 S.W.2d
977, 979 (1947), that an employer is not liable when he or she has provided help and injury
results from the act of the employee in voluntarily proceeding to do the work without
assistance. When the employee does not seek assistance when it is available and,
judging his or her own ability to perform the work, could not have foreseen or anticipated
injury, it cannot be said by any reasonable inference the employer should have foreseen
possible injury. Id.
          These cases are distinguishable. Forrest contends he was provided an unsafe
instrument for performing his work. He does not allege he was performing a task he
regularly performed or that his injuries were caused by an unforeseen limit to his strength
or ability where he would have been in the best position to foresee possible injury. He
contends, instead, that the unsafe characteristics of the ladder caused him to fall. Vital
Earth provided the ladder Forrest alleged was unsafe, and Vital Earth was therefore in a
better position to foresee possible dangers from its use. While the allegedly unsafe
condition of the ladder may not have been apparent to Forrest, Vital Earth, as the one who
chose it, was in a better position to foresee its risks. The employer has the nondelegable
duty to provide a safe work environment. Cabrera v. Delta Brands, Inc., 538 S.W.2d 795,
797 (Tex. Civ. App.‒Texarkana 1976, writ ref'd n.r.e.). The servant is under no duty to
inspect the equipment unless inspection is a part of work he or she is employed to perform. 
Prunty, 454 S.W.2d at 884. Vital Earth, therefore, had the nondelegable duties to inspect
the ladder for safety and to provide Forrest a safe place to work. Injury was foreseeable
where it failed in these duties. Forrest has produced evidence sufficient to raise a fact
issue as to whether Vital Earth supplied him with a defective and unsafe ladder which
proximately caused his injuries.
          Forrest's deposition testimony that the ladder was unsafe due to a slick surface and
an improper foot clearance must be taken as true for purposes of a no-evidence summary
judgment review. See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
This testimony is sufficient to raise a fact issue as to whether Vital Earth breached its
duties to provide a safe work environment and to properly inspect equipment, and whether
such breach was a proximate cause of Forrest's injuries. We find that reasonable and
fair-minded people could differ in their conclusions and that Vital Earth's point on cross-appeal, therefore, should be overruled.             
          We reverse the judgment and remand the case to the trial court for further
proceedings. 


                                                                           Donald R. Ross
                                                                           Justice 
            
Date Submitted:      October 2, 2003
Date Decided:         October 28, 2003